LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone:  775.322.7400
Facsimile:  775.322.9049
Email:   lbubala@armstrongteasdale.com

Attorneys for Senicia Burke

ELECTRONICALLY FILED ON
March 25, 2013

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MARTIN G. CROWLEY,<br><br>Debtor. | Case No.:   BK-12-51908-BTB<br><br>Chapter:    13<br><br>**PARTIAL JOINDER TO TRUSTEE'S MOTION TO DISMISS, WITH CERTIFICATE OF SERVICE**<br><br>Trustee's Motion<br>Hearing Date:   4/12/13<br>Hearing Time:  2 p.m.<br><br>Joinder<br>Hearing Date:   OST requested for 4/12/13<br>Hearing Time:  OST requested for 2 p.m. |

Creditor Senicia Burke ("Ms. Burke") partially joins the trustee's motion for dismissal, adds bases, and seeks additional relief.  Ms. Burke joins in the trustee's request for dismissal.  Ms. Burke opposes the alternative request to convert the case to Chapter 7.  She is the only creditor participating in this case, and her efforts have illuminated Debtor's conduct and assets.  Ms. Burke seeks dismissal so all creditors may pursue whatever rights they have against the Debtor.  The best interest of creditors is satisfied by restoring the rights to them rather than limiting them to a pro rata distribution in a Chapter 7 proceeding.  *See* 11 U.S.C. § 1307(c).

**Legal Standard for Dismissal under Section 1307(c)**

The trustee moves under 11 U.S.C. § 1307(c), which involves a two-step evaluation.  *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (BAP 9th Cir. 2006).  The Court must first find that cause exists to act, then make a choice between dismissal or conversion based on the best interest of creditors.  *Id.*  Section 1307(c) contained a non-exhaustive, illustrative list of examples of cause.  *See* 11 U.S.C. § 102(3) (definition of "including").  "Cause" includes bad faith or a lack of good

faith. *See Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219 (9th Cir. 1999), *aff'g* 209 B.R. 935 (BAP 9th Cir. 1997); *Ellsworth v. Lifescape Med. Asscs. (In re Ellsworth)*, 455 B.R. 904, 917-21 (BAP 9th Cir. 2011) (Markell, J.).

### Cause Exists for Dismissal due to Debtor's Interference in Movant's Financial Inquiry

Cause exists based on Debtor's conduct in filing and prosecuting this case. Debtor has repeatedly sought to avoid Ms. Burke's investigation of his financial records and assets. Although Debtor participated in the creditors meeting and authorized Ms. Burke to receive the documents provided to the trustee, it does not relieve him of his obligation to respond to Ms. Burke's inquiry. She has independent rights to conduct her own examination of Debtor and subpoena documents beyond what Debtor provided to the trustee. Debtor has steadfastly opposed Ms. Burke's efforts to conduct her own discovery, both before and after filing for bankruptcy.

1. Debtor readily admits that he filed this bankruptcy case rather than sit for a judgment debtor's examination set through state court by Ms. Burke.

2. Debtor moved for a protective order and to stay his examination pursuant to a subpoena issued under Rule 2004. The Court denied the protective order, advising that this case would not proceed without Debtor sitting for his examination and producing the documents requested by Mr. Burke.

3. Debtor filed an emergency petition for a writ of mandamus or prohibition with the U.S. District Court, seeking an immediate stay of his examination and a writ directing this Court suspend his examination. The U.S. District Court denied the petition and entered judgment against Debtor.

4. Debtor moved for reconsideration of the denial of his writ. The U.S. District Court denied the motion.

5. Debtor appeared for his examination but refused to provide any documents subpoenaed by Ms. Burke. Debtor asserted that the records subpoena violated the automatic stay and was void, an argument that Debtor had not presented in seeking a protective order. As a result of Debtor's refusal to comply with the subpoena, Ms. Burke suspended the examination.

6. Ms. Burke moved to compel the production of Debtor's documents and for sanctions and contempt based on his failure to comply with the subpoena. A hearing is scheduled for March 29, 2013. Debtor's timely response was due on or before March 15, 2013. To date, Debtor has not responded to the motion.

7. Debtor filed in this Court a notice of filing a second emergency petition for a writ of mandamus or prohibition and request for an immediate stay. The petition is nearly identical to the petition filed before U.S. District Court, although it also seeks relief with a suspension of the hearing on Ms. Burke's motion to compel, for sanctions, and to hold Debtor in contempt.

8. The notice states that the petition was filed with the Bankruptcy Appellate Panel on March 18, 2013, but the BAP had no record of any such petition on March 19, 2013. On March 21, 2013, the BAP clerk's office advised that it received the petition and assigned it case number NV-13-1130. Ms. Burke filed a statement of election to have the matter determined by the U.S. District Court, and Debtor responded in opposition. On March 25, 2013, the BAP issued an order that it lacked jurisdiction based on Ms. Burke's election and transferred the case to U.S. District Court. The clerk for the U.S. District Court has not yet assigned a number to the petition.

Debtor has further shielded access to his financial information by his failure to file periodic reports regarding the operations of his businesses as required by Sections 1304(c) and 704(a)(8). Debtor has not filed any reports for his law practice that he operates as a sole practitioner or entities in which he is an owner. The failure to file such reports constitutes cause for dismissal. 9 *Collier on Bankruptcy* ¶ 2015.03 (16th ed. 2012) (citing cases).

**The Dismissal Order can Prevent Debtor from Refiling for a Certain Period**

An injunction is permissible under Section 109(g)(1): "[N]o individual … may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."

The Bankruptcy Court also may modify the effect of the dismissal of a bankruptcy case "for cause" under Section 349(a). *Leavitt)*, 171 F.3d at 1223. "Inherent in this authority is the power to bar subsequent bankruptcy petitions that seek to discharge such debt." *Leavitt*, 209 B.R. at 942.

3

1  "Furthermore, cases which have looked to <u>the legislative history of § 349 note that it was intended
2  to provide courts with authority to control abusive filings</u> 'beyond the limits of § 109(g)' even in the
3  case where the bankruptcy court <u>enjoined the filing by a debtor of any case under Title 11 for a
4  period greater than 180 days</u>." *Id.* & n.15 (emphasis added; citing cases); *see also In re Robertson*,
5  206 B.R. 826 (Bankr. E.D. Va. 1996) (holding that injunction under Section 349 may be entered
6  without adversary proceeding). This is consistent with the Bankruptcy Court power to protect the
7  sanctity of proceedings before it to prevent an abuse of process. 11 U.S.C. § 105(a); *e.g., Chambers
8  v. Nasco, Inc.*, 501 U.S. 32 (1991) (discussing court's inherent powers to manage its own affairs).

9       The standard for cause to modify the terms of dismissal looks, in turn, to the standard for
10 cause for dismissal. *Leavitt*, 171 F.3d at 1224. In *Leavitt*, a Chapter 13 case, the bankruptcy court
11 considered four factors: (1) whether the debtor misrepresented facts in his petition, unfairly
12 manipulated the Bankruptcy Code, or filed his petition in an inequitable manner; (2) the debtor's
13 history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation;
14 and (4) whether egregious behavior is present. *Id.*

15      **<u>Debtor Should be Prohibited from Refiling for One Year</u>**

16      An injunction is warranted under the circumstances of this case. As to the first factor under
17 *Leavitt*, Debtor filed his petition in an inequitable manner to avoid Ms. Burke's inquiry of him
18 through judgment debtor's examination in conjunction with her state court judgment. The
19 evaluation of the manner of Debtor's bankruptcy filing is buttressed by Debtor's postpetition
20 conduct as he takes every possible step to avoid Ms. Burke's independent inquiry of his finances.

21      As to the second factor, there are no prior filings or dismissals. As to the third factor,
22 Debtor filed his petition to avoid Ms. Burke's inquiry based on her rights under state law as the
23 holder of a judgment against Debtor.

24      Finally, Debtor's has acted egregiously in seeking to avoid his examination. Debtor has
25 asked the federal courts five times to stop Ms. Burke's examination, with (1) a motion for a
26 protective order (denied); (2) a motion to stay his examination (required because Debtor failed to
27 seek a timely hearing for a protective order, and granted without opposition from Ms. Burke); (3) a
28 petition to the U.S. District Court (denied); (4) an emergency motion for reconsideration to the U.S.

District Court (denied); and (5) a petition to the Bankruptcy Appellate Panel (pending; transferred to U.S. District Court over Debtor's objection).

  Debtor is actively interfering with Ms. Burke's rights with repeated attempts to prevent her inquiry into his financial situation. Debtor's case should be dismissed. Debtor also should be prevented from refiling for one year in order to prevent him from further interfering in Ms. Burke's inquiry of his finances.

Dated this 25th day of March, 2013  ARMSTRONG TEASDALE LLP

  By:/s/Louis M. Bubala III
  LOUIS M. BUBALA III, ESQ.
  Counsel for Ms. Burke

**CERTIFICATE OF SERVICE**

1. On **March 25, 2013**, I served the following document(s):

**PARTIAL JOINDER TO TRUSTEE'S MOTION TO DISMISS, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

MARTIN G. CROWLEY on behalf of Debtor MARTIN CROWLEY
AmLegal@gmail.com, ALSReno@gmail.com

WILLIAM A. VAN METER
c13ecf@nvbell.net, wvanmeter13@ecf.epiqsystems.com

■ b. **United States mail, postage fully prepaid** (list persons and addresses):

KEYSTONE RECOVERY PARTNERS, SERIES II
C/O WEINSTEIN & RILEY, P.S.
2001 WESTERN AVE., STE. 400
SEATTLE, WA 98121

Keystone Recovery Partners LLC, Series A
c/o Weinstein & Riley, P.S.
2001 Western Ave., Ste. 400
Seattle, WA 98121

LVNV FUNDING LLC
C/O RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE, SC 29603-0587

RECOVERY MANAGEMENT SYSTEMS CORPORATION
25 S.E. SECOND AVENUE
INGRAHAM BUILDING, SUITE 1120
MIAMI, FL 33131-1605

■ c. **Hand Delivery at the office of Debtor's attorney**:

Martin Crowley, Esq.
American Legal Services
237 S. Sierra St.
Reno, NV 89501

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of March, 2013.

/s/ L. Bubala                                              /s/ L. Bubala                    .
    Name                                                                     Signature